**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **HUMBERTO MERCADO-ORTIZ** | CIVIL NO. 24-1364 |
| PLAINTIFF | |
| VS. | RETALIATION; |
| | DISCRIMINATION BASED ON RACE; |
| | WRONGFUL TERMINATION; |
| **ABBVIE LTD.;** | AND TORT DAMAGES |
| **ABBVIE BIOTECHNOLOGY LTD.;** | |
| **INSURANCE COMPANY XYZ;** | TRIAL BY JURY DEMANDED |
| **COMPANY ABC;** | |
| **JOHN & JANE DOE.** | |
| DEFENDANTS | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, Humberto Mercado-Ortiz,** ("Plaintiff"), through the undersigned attorneys and very respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked for Abbvie Ltd. and Abbvie Biotechnology Ltd. (jointly "Abbvie" and/or "Defendants") since approximately July of 2012 until his illegal termination in October of 2023. Approximately two (2) years prior to his illegal termination, the Plaintiff was subjected to a pattern of workplace harassment and discriminatory treatment, to which the Plaintiff lodged various internal and external complaints against the workplace harassment and discriminatory treatment. After the Plaintiff participated in the protected activity of lodging his internal and external complaints, the Defendants fabricated a false reason to illegally terminate the Plaintiff on October of 2023 in violation of retaliation and discrimination federal and state laws.

2.      Such actions constitute a disparate treatment by the Defendants based on retaliation and discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), causing damages to the Plaintiff. After exhausting administrative remedies before the EEOC, the Plaintiff files this civil action against the Defendants for violation of federal and state anti-discrimination statutes.

3.      Plaintiff files this civil action against the Defendants based on the following: Retaliation pursuant to Title VII, 42 USC sec. 2000e-3(a), Section 1981, 42 USC sec. 1981 *et seq*, Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 LPRA sec. 194 *et seq*. and Section 16 of Article II of Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); Discrimination based on Race pursuant to Title VII, 42 USC sec. 2000e-3(a) *et seq.*, Section 1981, 42 USC sec. 1981 *et seq.,* Puerto Rico's Law No. 100 of June 30, 1959 ("Law 100"), 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4.      Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful retaliatory and discriminatory employment termination of the Plaintiff, based on retaliation and discrimination on the grounds of his race. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the discrimination and the retaliation.

**JURISDICTION AND VENUE**

5.      The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the

Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Title VII and Section 1981.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 1 and 16 of Article II of the PR Constitution, Law 100, Law 115, Law 80, and Tort Damages pursuant to the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff tolled the statute of limitations by filing extrajudicial claims and filing timely charges of retaliation and of discrimination before the EEOC within one hundred and eighty (180) days and/or three hundred (300) days after the adverse employment action. The Plaintiff requested the Notice of Right to Sue from the EEOC.

9. Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

10. Plaintiff, Humberto Mercado-Ortiz ("Plaintiff") is of legal age, domiciled and resident of Rio Grande, Puerto Rico. Plaintiff's address is the following: Calle 30 AL-25, Villas de Rio Grande, Rio Grande, PR 00745. Plaintiff's e-mail address is humbertomercadoortiz@gmail.com. Plaintiff's mobile number is 787-529-7074.

11. Defendant Abbvie Ltd. and Abbvie Biotechnology Ltd. (jointly "Abbvie" and/or "Defendants") are companies organized under the laws of Bermuda and is duly authorized to do business in the Commonwealth of Puerto Rico. The Defendants' main business office address is State Rd. #2, Km 58, Barceloneta, PR 00617. The Defendants' postal address is PO Box 278,

3

Barceloneta, PR 00617. The Defendant's designated resident agents are Abbvie Ltd. and Abbvie Biotechnology Ltd. The Defendant's designated resident agent address is State Rd. #2, Km 58, Barceloneta, PR 00617.

12.    Co-Defendant, Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendants. At the time of the retaliatory and discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said retaliation and discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13.    Co-Defendant, Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' retaliatory and discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14.    Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' retaliatory and discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

**THE FACTS**

15.    Plaintiff's race is Black.

16.    The Plaintiff began his employment with Defendants approximately in July of 2012.

17.    The Defendants is a pharmaceutical company that manufactures and distributes its medical products.

18.    The Defendants employ more than 500 employees.

19.    The Defendants have different corporations under the same name: Abbvie Biotechnology Ltd. and Abbvie Ltd. (jointly "Abbvie" and/or "Defendants").

20.    The Plaintiff's job position was titled "Biological Operator".

21.    The Plaintiff always met the Defendants' work expectations with regards to his work performance.

22.    Unfortunately, for the past two (2) years prior to his illegal termination, the Plaintiff was subjected to a pattern of workplace harassment from another coworker by the name of Ramon Melendez ("Melendez").

23.    Melendez began and continued this pattern of workplace harassment based on the Plaintiff's race.

24.    Melendez would make fun of the Plaintiff's race by constantly mocking the Plaintiff during work. For example:

   a.  Melendez would always mock and humiliate the Plaintiff by stating that the Plaintiff has black face.

   b.  Melendez would always mock and humiliate the Plaintiff by stating that the Plaintiff was inferior because the Plaintiff was black.

   c.  Melendez would always mock and humiliate the Plaintiff by stating that the Plaintiff has big lips.

   d.  Melendez would always mock and humiliate the Plaintiff by stating that the Plaintiff does not belong there, making reference to the Plaintiff's race.

e.  Melendez would always mock and humiliate the Plaintiff by stating that the Plaintiff was worthless, making reference of the Plaintiff's race.

f.  Melendez would always mock and humiliate the Plaintiff by stating that the Plaintiff should work as a servant, making reference to the Plaintiff's race.

25. During the past two (2) years, the Plaintiff personally complained about Melendez's constant comments of mockery and humiliation towards the Plaintiff.

26. The Plaintiff personally complained about Melendez to his supervisor Juan Collazo ("Collazo" and/or "Supervisor").

27. The Plaintiff would complain to Collazo that the Plaintiff felt disrespected and the Plaintiff was not in agreement with the pattern of workplace harassment based on the Plaintiff's race.

28. Collazo did not attend the Plaintiff's complaint nor did he rectify the conduct of Melendez towards the Plaintiff.

29. Throughout the years, Melendez continued with his pattern of workplace harassment against the Plaintiff based on the Plaintiff's race, by continuing to make constant comments of mockery and humiliation.

30. Meanwhile, Collazo did not take any corrective actions to cease and desist Melendez's discriminatory conduct against the Plaintiff.

31. After the Plaintiff had notified his complaint to Collazo, Melendez's pattern of workplace harassment based on the Plaintiff's race got worse.

32. This pattern of workplace harassment based on the Plaintiff's race got worse in retaliation of the Plaintiff's internal complaint to Collazo.

33. As the pattern of workplace harassment based on the Plaintiff's race got worse,

around April or May of 2023, the Plaintiff submitted a complaint to Human Resources of the Defendants.

34.    The Plaintiff specifically told Human Resources of the Defendants that Melendez has been conducting workplace harassment against the Plaintiff based on Plaintiff's race.

35.    Additionally, the Plaintiff specifically told Human Resources of the Defendants that the workplace harassment became worse in retaliation after the Plaintiff lodged an internal complaint to Collazo.

36.    Human Resources of the Defendants interviewed the Plaintiff and the Plaintiff explained all the details concerning the workplace harassment based on the Plaintiff's race and the retaliation.

37.    The Plaintiff told Human Resources of the Defendants that the Plaintiff could not continue working with Melendez or Collazo.

38.    However, after interviewing the Plaintiff, Human Resources of the Defendants did not take any corrective action with regards to the workplace harassment and retaliation complaints.

39.    Based on the above, the Plaintiff requested leave of absences during the summer of 2023.

40.    This leave of absences was for the Plaintiff's emotional wellbeing, because the Plaintiff was suffering mentally and emotionally due to the workplace harassment and retaliation.

41.    Based on the Defendants' failure to take corrective actions with regards to the workplace harassment and retaliation, the Plaintiff filed a Charge of Discrimination before the Equal Employment Opportunity Commission ("EEOC") on September of 2023.

42.    The Charge of Discrimination was on the grounds of discrimination based on race and color, and retaliation for opposing and complaining about the discrimination.

43.     The Plaintiff's Charge of Discrimination was assigned EEOC No. 515-2023-00562.

44.     After the Defendants received the Charge of Discrimination that the Plaintiff filed against them in September of 2023, Human Resources of the Defendants notified the Plaintiff that he was being suspended until pending investigation with regards to some alleged incident that occurred with Melendez and Collazo.

45.     When the Plaintiff was notified of his suspension, the Plaintiff told Human Resources of the Defendants that the Plaintiff had not created any incident but that he was merely complaining about the same type of workplace harassment and retaliation that had been ongoing on for approximately two (2) years.

46.     Instead of conducting a thorough investigation based on the Plaintiff's complaints, the Defendants notified the Plaintiff around October 12th, 2023 that the Plaintiff was being terminated.

47.     The Defendants fabricated the alleged incident that occurred with Melendez and Collazo, because at no time did the Plaintiff ever disrespect them other than lodging his constant complaints about workplace harassment due to discrimination and retaliation.

48.     The Defendants' reasons to terminate the Plaintiff are false and pretextual to conceal the true reason of the termination which is the following: the Defendants terminated the Plaintiff based on discrimination and retaliation.

49.     The Defendants never took any corrective action with regards to the Plaintiff's complaints of workplace harassment and retaliation.

50.     The Plaintiff's emotional damages for the past years have been caused by the discriminatory and retaliatory actions taken by the Defendants, Melendez and Collazo, in creating and allowing the workplace harassment to continue against the Plaintiff.

51.    The Defendants' actions of terminating the Plaintiff constitutes an illegal action because the Defendants never took corrective actions about the pattern of workplace harassment, and the Defendants falsely created a reason to terminate the Plaintiff after the Plaintiff filed numerous internal and external complaints before the Defendants.

52.    The Defendants are liable for the discrimination and retaliation incurred by Melendez and Collazo as described above.

53.    The Defendants' actions constitute an illegal action against the Plaintiff because they fabricated the false pretextual grounds for his illegal termination.

54.    The Defendants illegally terminated the Plaintiff in violation of anti-retaliation and anti-discrimination federal and state laws.

55.    Company ABC was the parent company or an affiliated company of the Defendant. Company ABC had knowledge of Defendants' retaliatory and discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by the Defendants. Company ABC allowed the Defendants to retaliate and discriminate against the Plaintiff, based on false pretextual grounds.

56.    John & Jane Doe had knowledge of Defendants' retaliatory and discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by the Defendants. John & Jane Doe allowed the Defendants to retaliate and discriminate against the Plaintiff, based on false pretextual grounds.

57.    At the time of these retaliatory and discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said retaliatory and discriminatory claims. Said insurance policy was in force at the time of the retaliatory and discriminatory incidents.

58.    Because of this illegal termination, the Plaintiff has suffered economic damages due to the deprivation of his compensation and benefits.

59.    Because of this illegal termination, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation of his professional reputation. Plaintiff has been at loss of his peace of mind and emotional stability.

60.    The Defendants are liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## RETALIATION

61.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

62.    Defendants' retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in a protected activity.

63.    Specifically, Plaintiff engaged in a protected activity by exercising his right when he lodged his internal and external complaints.

64.    The Defendants took a materially adverse actions against the Plaintiff, by 1) creating and allowing a hostile work environment against the Plaintiff, and 2) by illegally terminating the Plaintiff.

65.    The Defendants' adverse actions are causally connected with the Plaintiff's participation in a protected activity.

66.    The Defendants did not investigate or take any corrective actions to stop the hostile work environment against the Plaintiff.

67.     All the named Defendants, Company ABC, John & Jane Doe had knowledge of the Defendants' unlawful retaliation against the Plaintiff. Therefore, the named Defendants, Company ABC, John & Jane Doe are liable because of the unlawful retaliation against the Plaintiff.

68.     The Plaintiff's participation in protected activity was the direct cause of the Defendants' adverse action of creating and allowing a hostile work environment and the illegal termination.

69.     Defendant's conduct against the Plaintiff constitutes an unlawful retaliation pursuant to Title VII, Section 1981, Law 115 and Section 16 of Article II of the PR Constitution.

70.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

71.     As a result of Defendant's unlawful retaliation, Plaintiff lost the salary he was entitled to.

72.     Defendant is liable to Plaintiff for the back pay he was entitled had he maintained his position pursuant to Title VII and Section 1981.

73.     Plaintiff's last annual salary was approximately forty-six thousand eighty dollars ($46,080.00).

74.     Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

75. Pursuant to Title VII and Section 1981, Defendants' unlawful retaliation against the Plaintiff was willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

76. In the alternative, an adequate remedy under Law 115, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

77. Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, Section 1981, Law 115 and the PR Constitution, in excess of nine hundred twenty-one thousand six hundred dollars ($921,600.00).

78. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

79. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than nine hundred twenty-one thousand six hundred dollars ($921,600.00), which times two equals one million eight hundred forty-three thousand two hundred dollars ($1,843,200.00).

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE

80. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

12

81.    Defendant's discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's race.

82.    At the moment that the Defendants incurred in the discriminatory conduct, the Plaintiff was performing his job well enough to meet the Defendants' legitimate expectations.

83.    Defendants' conduct against the Plaintiff constitutes discrimination based on race pursuant to Title VII, Section 1981, Law 100, and Section 1 of Article II of the PR Constitution.

84.    As a proximate result of Defendants' discriminatory practice, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

85.    As a result of Defendants' discriminatory practices, Plaintiff lost the compensation and benefits he was entitled to.

86.    Defendants are liable to Plaintiff for the back pay and front pay he was entitled had he maintained his position pursuant to Title VII, Section 1981 and Law 100.

87.    Plaintiff's last annual salary was approximately forty-six thousand eighty dollars ($46,080.00).

88.    Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

89.    Pursuant to Title VII, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiff's rights

13

protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

90.    In the alternative, an adequate remedy under Law 100, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiff's rights.

91.    The adverse actions taken against the Plaintiff was the culmination of Defendants' discriminatory practice against the Plaintiff because of his race.

92.    Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, Section 1981, Law 100 and the PR Constitution, in excess of nine hundred twenty-one thousand six hundred dollars ($921,600.00).

93.    In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

94.    In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than nine hundred twenty-one thousand six hundred dollars ($921,600.00), which times two equals one million eight hundred forty-three thousand two hundred dollars ($1,843,200.00).

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION

95.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

96.    Defendants' actions constitute a termination of employment without just cause.

14

97.    Defendants are liable to Plaintiff pursuant to Law 80, for an amount equal to three (3) months of salary plus benefits, as defined in the law, and thirty-three (33) additional weeks of compensation, based on his highest earning in any thirty-day period within the three years prior to the Plaintiff's dismissal. Therefore, the sum amount of severance pay under Law 80 is approximately thirty-two thousand six hundred forty dollars ($32,640.00).

## FOURTH CAUSE OF ACTION

### TORTS DAMAGES

98.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

99.    Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

100.    Defendants are liable to Plaintiff pursuant to the PRCC.

101.    John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

102.    John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

103.    Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

104.    Company ABC is liable to Plaintiff pursuant to the PRCC.

105.    The Supervisor's actions as officer and/or employee of the Defendants constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

106.    Therefore, Defendants are vicariously liable for damages caused by their officers and/or employees in their service pursuant to the PRCC.

107.    Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

108.    Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

109.    All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

110.    As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FIFTH CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

111.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

112.    Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## SIXTH CAUSE OF ACTION

### ATTORNEYS FEES AND PREJUDGMENT INTEREST

113.    Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

114.    Defendant is liable to Plaintiff for attorney's fees and costs under Title VII and Section 1981.

115.    Defendant is also liable to Plaintiff for attorney's fees under Law 115, Law 100 and Law 80.

116.    Defendant is liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

117.     Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1.  Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Retaliation pursuant to Title VII, 42 USC sec. 2000e-3(a), Section 1981, 42 USC sec. 1981 *et seq*, Law 115, 29 LPRA sec. 194 *et seq*. and Section 16 of Article II of PR Constitution; Discrimination based on Race pursuant to Title VII, 42 USC sec. 2000e-3(a) *et seq.*, Section 1981, 42 USC sec. 1981 *et seq.,* Puerto Rico's Law No. 100 of June 30, 1959 ("Law 100"), 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Law 80, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the PRCC.

2.  An order directing Defendants to reinstate Plaintiff to his former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of age, race and national origin.

3. Awarding plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of his salary, as it was awarded to other employees in his previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

8. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 15th day of August, 2024.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
        info.vrr@rcrtrblaw.com